UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JAMES AARON JOHNSON,                                                    Dkt. No.: 22 Civ. 1111

                              Plaintiff,
                                                                                     **COMPLAINT**

   -against-

NCJ CONTRACTING CORP. and BRUSCO REALTY           **JURY TRIAL DEMAND**
MANAGEMENT,

                                  Defendants.                                      **ECF CASE**
---------------------------------------------------------------X

Plaintiff JAMES AARON JOHNSON ("Plaintiff" or "Mr. Johnson"), complaining of the defendant, by his attorneys, Jon L. Norinsberg, Esq., respectfully states and alleges, upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. This is a negligence action arising from an accident which took place on February 11, 2020. On that date, Plaintiff was injured at work when he fell from a broken and defective ladder while performing repairs in a residential apartment building. As a result of this accident, Plaintiff suffered severe injuries and was forced to undergo two separate surgeries. To date, Plaintiff has been unable to return back to work as a result of his injuries.

### JURISDICTION

2. Jurisdiction arises under 28 U.S.C. §1332, as there is complete diversity amongst the parties in this action, and the matter in controversy exceeds the sum specified by 28 U.S.C. § 1332.

3. Supplemental jurisdiction over any state law claims asserted herein is founded upon 28 U.S.C. § 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b)(3), in that this is the District where the subject accident occurred and where Defendants are subject to the Court's personal jurisdiction.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JAMES AARON JOHNSON is a resident of the County of Douglas, City of Douglasville, and State of Georgia.

7. At all times hereinafter mentioned, Plaintiff was employed as a superintendent by a company known as "1000 Targee Street Management, LLC" ("1000 Targee").

8. At all times hereinafter mentioned, Defendant NCJ CONTRACTING CORP., ("Defendant NCJ" or "NCJ") was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York, with a principal place of business located at 766 Amsterdam Avenue, in the County, City, and State of New York.

9. At all times herein mentioned, Defendant NCJ maintained a residential apartment building located at 1000 Targee Street, in the County of Richmond, and in the City and State of New York.

10. At all times herein mentioned, Defendant NCJ was the general contractor responsible for providing work equipment, safety gear and supplies for any repair work that needed to be performed at the subject building at 1000 Targee Street, in the County of Richmond, and in the City and State of New York.

11. At all times herein mentioned, Defendant BRUSCO REALTY MANAGEMENT ("BRUSCO" or "Defendant BRUSCO") owned the residential apartment building located at 1000 Targee Street, in the County of Richmond, and in the City and State of New York.

12. At all times hereinafter mentioned, Defendant BRUSCO was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. At all times herein mentioned, Plaintiff was performing certain work, labor, and services at 1000 Targee Street, in the County of Richmond, and in the City and State of New York.

14. At all times herein mentioned, Plaintiff and other employees of 1000 Targee Street Management, LLC., were performing maintenance, erection, alteration, repair, demolition or other similar work, labor and/or services at the aforesaid premises.

15. Defendant NCJ, their agents, servants and/or employees, had the non-delegable duty to ensure that the worksite was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

16. Defendant BRUSCO, their agents, servants and/or employees, had the non-delegable duty to ensure that the worksite was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

**FACTS**

17. On or about February 11, 2020, at approximately 10:30 a.m., Plaintiff was lawfully present at the aforesaid premises in the course of his employment with 1000 Targee, to perform certain repair and plumbing work in the ceiling of an apartment located at 1000 Targee Street, in the County of Richmond, and in the City and State of New York.

18. At the aforesaid time and location, and in the course of his employment, Plaintiff had ascended a ladder to access pipes that needed repairing in the residential apartment building located at 1000 Targee Street, in the County of Richmond, and in the City and State of New York.

19. The aforesaid ladder was provided to Plaintiff by Defendant NCJ, which was responsible for providing all work materials, supplies and safety equipment for repair work at the subject building.

20. The aforesaid ladder was not secured or tied down in any manner, in violation of the Labor Laws of the State of New York and the New York Code Rules and Regulations regarding worksites.

21. Further, the subject ladder was in a broken, dangerous, defective and hazardous condition, and was not fit to support the weight of Plaintiff, or any other worker, for any sustained length of time.

22. Further, Defendants did not provide Plaintiff a scaffold upon which to perform his work, nor did they provide him a safety harness and/or any other protective devices that could have prevented this accident.

23. As a result of Defendants' violation of the Labor Laws of the State of New York and the New York Code Rules and Regulations, while Plaintiff was standing on said defective ladder, the ladder suddenly gave way and collapsed, causing Plaintiff to fall to the ground and sustain serious injuries.

24. As a result of Plaintiff's fall to the ground, Plaintiff sustained severe and permanent injuries to his neck, back, shoulder and knee.

25. As a result of Plaintiff's fall to the ground, Plaintiff was required to undergo surgeries to his left shoulder and left knee.

26. As a result of the injuries sustained in this accident, Plaintiff has been unable to return to work in the past two years.

27. Defendant NCJ, their agents, servants and/or employees were negligent, reckless and careless in the possession, control, supervision, direction, erection, construction, demolition, alteration, repair and management of the aforesaid building or structure, in that they failed to provide Plaintiff with a safe and secure ladder, failed to provide Plaintiff with a safe place to work and failed to provide Plaintiff with proper safety equipment.

28. Defendant NCJ had actual and constructive notice of the defective and dangerous conditions prior to the happening of the accident alleged herein, as upon information and belief, prior complaints had been made about the subject ladder prior to Plaintiff's accident.

29. Defendant BRUSCO, their agents, servants and/or employees were negligent, reckless and careless in the ownership, possession, control, supervision, direction, erection, construction, demolition, alteration, repair and management of the aforesaid building or structure, in that they failed to provide Plaintiff with a safe and secure ladder, failed to provide Plaintiff with a safe place to work and failed to provide Plaintiff with proper safety equipment.

30. The aforesaid accident and resulting injuries sustained by Plaintiff were caused solely and wholly by reason of the negligence of the Defendants, their agents, servants and/or employees without any fault or want of care or culpable conduct on the part of Plaintiff contributing thereto.

31. By reason of the foregoing and the negligence of Defendants, Plaintiff has suffered injuries that are severe and permanent in nature, and he will be caused to suffer additional permanent limitations in the future, as a result of said negligence.

32. By reason of the foregoing, Plaintiff has been wholly unable to attend to his usual occupation and/or to perform his usual occupation as a superintendent, and it is reasonably anticipated, based on the severe and permanent nature of his injuries, Plaintiff will be unable to perform his usual and customary duties as a superintendent for the remainder of his worklife.

**AS AND FOR A FIRST CAUSE OF ACTION
<u>ON BEHALF OF THE PLAINTIFF</u>
(Negligence)**

33. Plaintiff, repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "32" above, with the same force and effect as though more fully set forth at length herein.

34. On and before February 11, 2020, Defendants, by their agents, servants and/or employees, were engaged in plumbing and repair work at the subject premises.

35. On and before February 11, 2020, Defendants, by their agents, servants and/or employees, were engaged in the alteration of the ceiling where the subject plumbing and repair work took place.

36. On or about February 11, 2020, at approximately 12:00 p.m., Plaintiff was lawfully at the aforesaid premises in the course of his employment and working on a ladder in order to repair pipes in the ceiling at 1000 Targee Street, in the County of Richmond, and in the City and State of New York.

37. On or about February 11, 2020, while Plaintiff was in the course of his employment, he was seriously and permanently injured when the broken, defective and unsecured ladder upon which he was standing suddenly collapsed and gave way, causing plaintiff to fall to the ground.

38. The aforementioned occurrence was caused by and due to the negligence of Defendants in the ownership, operation, inspection, supervision, management, control and

possession of the aforesaid premises and by virtue of the aforesaid construction, demolition, repair, erection, alteration, and/or related work in that said Defendants failed to provide Plaintiff with a reasonably safe place to perform the work required of him, failed to provide suitable and proper inspection(s) of the aforementioned worksite, failed to maintain the worksite in a reasonable, safe and secure condition; and failed to inspect and supervise the worksite so as to cause and allow it to be maintained in an unreasonable, unsafe and insecure condition.

39. The aforesaid occurrence was not caused by or due to any carelessness or negligence on the part of Plaintiff.

40. Solely as a result of the negligence of the Defendants and the violation of the aforesaid statutes and case law, Plaintiff was rendered sick, sore, lame and disabled, and suffered severe, painful and permanent injuries to various parts of his person with accompanying pain; that Plaintiff continues to be sick, sore, lame and disabled; he is and has been incapacitated and has expended large sums of money for medical care and attention in an effort to cure himself of his injuries, and to alleviate his pain and suffering; and he has been and continues to be unable to return to work and pursue his usual daily activities.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF
(Violation of Labor Law § 240(1))**

41. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "40" above, with the same force and effect as though more fully set forth at length herein.

42. The aforesaid occurrence was also caused by and due to the violation by Defendants Section 240(1) of the Labor Law of the State of New York, in that Defendants, having allowed and facilitated plaintiff to be on the aforesaid premises to perform labor, where scaffolding, hoists, stays,

ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and/or other safety devices were required to be provided, failed to insure that said devices were constructed, placed, provided and operated so as give the plaintiff reasonable, proper and adequate protection and a safe place to work without injury.

43. Defendants further violated Section 240(1) of the Labor Law of the State of New York in that said Defendants, having allowed and facilitated plaintiff to perform labor, failed to furnish plaintiff or erect or cause to have furnished or erected for the performance of plaintiff's labor the aforesaid required devices and/or safety equipment and, therefore, failed to provide Plaintiff with the proper protection under the law.

44. Solely as a result of the negligence of the Defendants and the violation of the aforesaid statutes and case law, Plaintiff was rendered sick, sore, lame and disabled, and suffered severe, painful and permanent injuries to various parts of his person with accompanying pain; that Plaintiff continues to be sick, sore, lame and disabled; he is and has been incapacitated and has expended large sums of money for medical care and attention in an effort to cure himself of his injuries, and to alleviate his pain and suffering; and he has been and continues to be unable to return to work and pursue his usual daily activities.

**AS AND FOR A THIRD CAUSE OF ACTION
<u>ON BEHALF OF THE PLAINTIFF</u>
(Violation of Labor Law § 241))**

45. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "44" above, with the same force and effect as though more fully set forth at length herein.

46. The aforesaid occurrence was caused by, and due, to the violation by the Defendants of Section 241 of the Labor Law of the State of New York in that Defendants, having allowed and

facilitated plaintiff to perform labor at the subject premises, failed to provide the claimant with a safe place to work; permitted the plaintiff to enter and perform his duties at the aforementioned location without providing reasonable and adequate safety and protection devices; and in failed to warn the plaintiff of the dangers in working at the aforementioned location without the benefits of reasonable and adequate safety devices.

47.     Solely as a result of the negligence of the Defendants and the violation of the aforesaid statutes and case law, Plaintiff was rendered sick, sore, lame and disabled, and suffered severe, painful and permanent injuries to various parts of his person with accompanying pain; that Plaintiff continues to be sick, sore, lame and disabled; he is and has been incapacitated and has expended large sums of money for medical care and attention in an effort to cure himself of his injuries, and to alleviate his pain and suffering; and he has been and continues to be unable to return to work and pursue his usual daily activities.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
**(Violation of Labor Law § 200))**

48.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "47" above, the same force and effect as though more fully set forth at length herein.

49.     On or about February 11, 2020, at approximately 12:00 p.m., while the Plaintiff was engaged in his employment, he was injured due to a defective, dangerous and unsafe, unsecured ladder at the aforesaid worksite, thereby sustaining the injuries herein alleged.

50.     The injuries sustained by Plaintiff were caused solely by the negligence of the Defendants, their agents, servants and/or employees.

9

51. Defendants were negligent in its ownership, operation, management, maintenance, control and supervision of the project at the aforesaid premises as hereinabove described in that owing to the carelessness, negligence, improper and unlawful conduct of defendants and its agents, servants, employees or contractors, the plaintiff sustained the injuries hereinafter alleged; and Defendants were otherwise negligent and in violation of the laws and ordinances of the State of New York, including Section 200 of the Labor Law of the State of New York, and of other law and their interpretations in such cases made and provided.

52. Defendants, their officers, agents, servants and employees were negligent in one or more of the following respects: in failing to provide Plaintiff with a safe, proper and steady ladder; in failing to properly secure said ladder; in failing to provide Plaintiff with a reasonably safe place to work; in failing to insure that the areas in which the work was being performed were so constructed, equipped, guarded, arranged, operated and conducted so as to provide reasonable and adequate protection and safety to said plaintiff in the course of his employment; in failing to furnish or erect, or cause to be furnished or erected, reasonably safe scaffolding, ropes, ladders and/or other safety devices for the use by Plaintiff in the course of his employment; in failing to furnish or erect, or cause to be furnished or erected, scaffolding, ropes, ladders and/or other safety devices that were so constructed, placed and operated so as to give proper protection to said plaintiff in the course of his employment; in failing to furnish or erect, or cause to be furnished or erected, scaffolding ropes, ladders and/or other safety devices that were so constructed as to prevent injury to Plaintiff during the course of his employment; in failing to comply with the laws of the State of New York in such cases made and provided; in failing to comply with the New York State Labor Law Sections 200, 240, and 241; in failing to comply with the applicable provisions of the Industrial Code of the State of New York, the Federal Occupational Safety and Health Regulations, and other laws, rules and

regulations; and in failing to exercise reasonable care, prudence and diligence in and about the construction site; and in being otherwise careless, reckless and negligent at the aforementioned location and premises.

53. For the reasons hereinabove set forth, Plaintiff has suffered severe pain and anguish and has been compelled to submit to medical care and treatment to for his injuries.

54. Solely as a result of the negligence of the Defendants and the violation of the aforesaid statutes and case law, Plaintiff was rendered sick, sore, lame and disabled, and suffered severe, painful and permanent injuries to various parts of his person with accompanying pain; that Plaintiff continues to be sick, sore, lame and disabled; he is and has been incapacitated and has expended large sums of money for medical care and attention in an effort to cure himself of his injuries, and to alleviate his pain and suffering; and he has been and continues to be unable to return to work and pursue his usual daily activities.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

A. Compensatory damages in the amount of five million dollars ($5,000,000.00); and

B. Any further relief as the Court may deem just and proper.

Dated: New York, New York
March 2, 2022

                                  Yours etc.,

                                  **JON L. NORINSBERG, ESQ., PLLC**

                                  Jon L. Norinsberg, Esq.
*Attorney for Plaintiff(s)*
110 East 59th Street, Suite 3200
New York, New York 10022
Telephone No. (212) 791-5396
Facsimile No. (212) 406-6890
jon@norinsberglaw.com